**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00340-CMA-CBS

CAPITOL INDEMNITY CORPORATION,

      Plaintiff,

v.

LARRY HECKEL,
HECKEL CONSTRUCTION, LLC, and
HARVEST GOLD VILLAGE HOMEOWNERS ASSOCIATION, INC.,

      Defendants.

---

**ORDER GRANTING AMERICAN FAMILY INSURANCE COMPANY'S
MOTION TO INTERVENE**

---

This matter is before the Court on a Motion to Intervene filed by American Family Insurance Company (Doc. # 26).  For the following reasons, the Motion is granted.

## I.  <u>BACKGROUND</u>

This matter arises from a dispute concerning whether and to what extent Plaintiff Capitol Indemnity Corporation ("Capitol Indemnity") has a duty to defend and/or indemnify either Defendant Heckel Construction or Defendant Larry Heckel ("Heckel Defendants") in an underlying litigation pending in Larimer County District Court concerning damages allegedly incurred in connection with defects in the construction of a multi-family condominium complex known as Harvest Gold (the "Underlying Lawsuit"). Construction of Harvest Gold began during the winter of 2003-04 and concluded in the summer of 2007.  The Underlying Lawsuit was brought by Defendant Harvest Gold

Village Homeowners Association, Inc. ("Harvest Gold Village Homeowners"), on May 1, 2009.

On or about June 3, 2002, Defendant Heckel Construction applied for a commercial general liability insurance policy with Plaintiff Capital Indemnity, which policy Heckel Construction obtained and renewed (the "Capitol Indemnity Insurance Policy" or "Policy").  Pursuant to the Policy, Capitol Indemnity will pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to which this insurance applies."  (Doc. # 1 at 8.)  Further, Capitol Indemnity "will have the right and duty to defend the insured against any 'suit' seeking those damages," but will not have a "duty to defend the insured against any 'suit' seeking damages for 'bodily injury', 'property damage', 'personal injury', or 'advertising injury', to which [the] insurance does not apply."  (*Id.*)  The Policy covers only those damages that occur during the policy period and contains certain coverage exclusions.  (*Id.* at 9, 15-16).

Capitol Indemnity filed the instant Complaint for Declaratory Judgment on February 9, 2011, asserting the following three claims of relief: (1) declaratory judgment that all Defendants engaged in material misrepresentation in connection with the Policy application; (2) declaratory judgment against all Defendants that Plaintiff has no obligation to defend or indemnify Heckel Construction or Mr. Heckel with respect to, or otherwise participate in, the Underlying Lawsuit; and (3) recoupment of defense costs

and expenses that Plaintiff has incurred in connection with the investigation and defense of the Underlying Lawsuit.  (Doc. # 1.)

## II.  THE MOTION TO INTERVENE

On June 22, 2011, American Family Insurance Company ("American Family") filed the instant Motion to Intervene.  (Doc. #26).  American Family asserts that it is entitled to intervene as a matter of right, pursuant to Fed. R. Civ. P. 24(a)(2) because it, along with Plaintiff Capitol Insurance, are insurers of Defendant Heckel Construction, have overlapping periods of coverage for Heckel Construction, and are sharing in the defense of Heckel Construction in the Underlying Lawsuit pursuant to reservations of rights under their applicable insurance policies.  (*Id.* at 3).  American Family further states that, in addition to seeking a declaration as to its rights, duties and obligations under its policies, it "has a direct interest in this Court's determination as to the scope of coverage under Capitol's policies," thus entitling it to intervene.  Alternatively, American Family asserts that it has a right to permissive intervention under Fed. R. Civ. P. 24(b). If the Court grants American Family's Motion to Intervene, American Family asks the Court to accept its Complaint in Intervention, which is attached to the Motion.  (Doc. # 26-1).

American Family represents that Plaintiff does not object to the intervention. Additionally, the Heckel Defendants do not oppose American Family's intervention but ask the Court to grant them an enlargement of time to file any counterclaims against American Family, "consistent with the Court's prior order granting Heckel Defendants an

enlargement of time to file any counterclaims against Plaintiff until after the stay is lifted."  (Doc. # 27 at 2.)  Defendant Harvest Gold Village Homeowners' position concerning the intervention is unknown.

## A.   STANDARD FOR INTERVENTION

Under Fed. R. Civ. P. 24(a), a third party may intervene as a matter of right where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The Tenth Circuit has set forth a four-part test based on this rule: (1) the motion to intervene must be timely, (2) the motion "claims an interest relating to the property or transaction which is the subject of the action," (3) the interest "may as a practical matter" be "impair[ed] or impede[d]," and (4) which interest "is [not] adequately represented by existing parties."  *Elliott Indus. Ltd. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005) ("The Tenth Circuit generally follows a liberal view in allowing intervention under Rule 24(a).").  "Rule 24 is construed liberally, with intervention freely allowed."  *Cram v. McMullen*, No. 87-2445, 1998 U.S. Dist. LEXIS 9947, at *2 (D. Kan. Aug. 31, 1988) (unpublished) (citing *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977))

## B.   INTERVENTION AS A MATTER OF RIGHT IS WARRANTED

In the instant case, the Court finds that intervention as a matter of right is warranted.  The timeliness determination is within the Court's discretion and is

determined "in light of all of the circumstances," especially (1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant. *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984).  Having considered these factors, the Court finds that American Family's Motion to Intervene is timely.  American Family filed the instant Motion in less than five months after Capitol Indemnity initiated this action on February 9, 2011.  None of the existing parties have asserted any prejudice and the Court cannot conceive of any, given the early stage of this litigation.  Moreover, the Court finds that American Family will be prejudiced if its Motion to Intervene is denied.

Additionally, American Family has adequately articulated an interest relating to the subject of this action, namely whether purported misrepresentations made by the Heckel Defendants in connection with their American Family insurance policy application have rendered void American Family's duty to defend and indemnify the Heckel Defendants in the Underlying Litigation.  Further, American Family represents that it is currently sharing the costs and fees in defending the Underlying Lawsuit with Plaintiff and, thus, a reduction or negation of Plaintiff's defense and indemnification obligations could impose a greater burden on American Family.  Thus, the denial of intervention would likely impair or impede American Family's interest.  Finally, because American Family and Plaintiff are issuers of separate, albeit overlapping, insurance policies each of which has duty to defend and indemnify provisions, the Court finds that Plaintiff cannot adequately represent American Family's interests.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED THAT:

(1)     American Family Mutual Insurance Company's Motion to Intervene (Doc.

         # 26) is GRANTED;

(2)     American Family's Complaint in Intervention (Doc. # 26-1) is ACCEPTED;

         and

(3)     The time in which Defendants Larry Heckel and Heckel Construction must

         file counterclaims against American Family will only be triggered once the

         stay as to Counts II and III is lifted, pursuant to Magistrate Judge Craig B.

         Shaffer's Minute Order dated March 30, 2011 (Doc. # 22).

DATED:  July   15  , 2011

                                          BY THE COURT:

                                          _____
                                          CHRISTINE M. ARGUELLO
                                          United States District Judge

6